ROSE v. KING.

Opinion delivered January 25, 1926.

1. EVIDENCE—PRIVATE MEMORANDA.—In a suit upon an account it was not error to permit defendant, in connection with his testimony, to introduce check stubs, where he testified that they constituted the only record he made of the transactions, and that the notations thereon were made by him contemporaneously with the several transactions.

2. EVIDENCE—BOOKS OF ACCOUNT.—Crawford & Moses' Dig., §§ 4134, 4135, apply to the books of deceased persons, and have no application to transactions between persons in being.

3. TRIAL—JURY TAKING PAPERS WITH THEM.—It is within the discretion of the trial court to permit the jury to take with them papers which have been exhibited to and examined by them during the trial, and whose authenticity has not been questioned.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum*, Judge; affirmed.

*W. L. Curtis*, for appellant.

*Webb Covington*, for appellee.

HUMPHREYS, J. Appellant instituted suit against appellee in the circuit court of Sebastian County, Fort Smith District, to recover the alleged balance of $2,015 on open account for administering anesthetics to and making x-rays of appellee's patients.

Appellee filed an answer denying any liability and any indebtedness on account of services rendered to his patients by appellant.

The cause was submitted to the jury upon the pleadings, testimony introduced by the parties, and the instructions of the court, which resulted in a verdict and judgment against appellee for $60, from which is this appeal.

A reversal of the judgment is sought upon two grounds: first, that there is no substantial evidence in the record to support it; and second, that prejudicial error was committed in permitting appellee to introduce stubs with the entries thereon to checks which appellee had given appellant in payment of services rendered,

and in permitting the jury to call for and take the stubs to its own room after retiring to consider the case.

Appellant and appellee are physicians, and for a number of years, beginning in 1915, they had offices with a common reception room. They had a working agreement by which appellant was to receive a stipulated sum for administering anesthetics to the private patients of appellee. They had a settlement in April, 1920, showing that appellee owed appellant $1,405, at which time appellee paid $1,000 on the account. Their testimony is in conflict as to whether the balance was subsequently paid. Appellee was elected chief surgeon of the Union Miners' Hospital Association in 1905, and has continued to hold that position. Appellant was selected as his assistant in 1920, and retained that position until a short time before he brought this suit. These physicians rendered services to the members of that association and to charity patients in the institution under their employment. Appellant was an x-ray expert. In addition to the professional services they rendered the hospital, each had his private or charge patients. The old arrangement was continued as to the private patients of appellee after appellant's employment at the hospital. Neither of the physicians kept a regular set of books. Appellant kept a card index called a loose-leaf or slip system. Appellee made notations on the stubs of his check showing the purpose for which the checks were given. After appellant severed his connection with the hospital, he made up a statement of account from the card index, showing a balance due him by appellee of $2,015 for administering anesthetics to and making x-rays of appellee's private patients from the date of their settlement in 1920 to March 1, 1924, and made same the basis of this suit. Appellant testified to a total indebtedness of $2,650, with credits amounting to $635 leaving a balance due him of $2,015. Appellee testified that he had paid appellant all he owed him except $60, which he owed for administering anesthetics from December 5, 1923, to March 1,

1924. He was permitted to introduce a number of check stubs upon which notations had been entered by appellee, showing the months for which he had paid appellant. The notations on the last stub he introduced showed that check No. 173 had been issued to appellant by appellee on December 5, 1923, amounting to $120 for July, August, September, October and November, 1923, for anesthetics. Appellee testified that he depended upon appellant to keep the account between them, and would pay the bills when presented, noting at the time on the stubs of the checks for what they were given. These stubs were introduced over the objection and exception of appellant. After the jury retired to consider the case, they called for the checks, and were permitted by the court, over the objection and exception of appellant, to take the stubs to their room.

(1). There is sufficient testimony of a substantial nature in the record to sustain the verdict and judgment. Appellee testified positively that he had paid appellant for the professional services rendered to his patients after their arrangement. In support of his testimony, he produced a large number of check stubs showing that the checks were issued to appellant for services during the period the arrangement covered. The last stub showed that the check covered services rendered in the months of July, August, September, October, and November, 1923. It is unlikely that he would have paid for these services before paying for services rendered at an earlier date. The stubs introduced showed payment for various months during the several years covered by the arrangement. These stubs strongly corroborated the testimony of appellee to the effect that he paid appellant for the services rendered prior to December 5, 1923, and that he only owed appellant for services rendered after that date.

(2). Appellant makes the contention, however, that the stubs were inadmissible because in no sense an account book. The stubs were introduced in connection

with appellee's testimony, showing that they constituted the only and original record he made of the transactions, and that the notations thereon were made by him contemporaneously with the several transactions. Appellant makes the further contention that they were inadmissible under §§ 4134 and 4135 of Crawford & Moses' Digest. Those sections apply to books of deceased persons and have no application to the character of evidence in question. Appellant contends, however, that it was reversible error to allow the jury to take the check stubs to their room after retiring to consider their verdict. This court said in the case of *Dodwell* v. *Mound City Sawmill Co.*, 90 Ark. 287 that (quoting syllabus 3), "it is within the discretion of the trial court to permit the jury to take with them papers which have been exhibited to and examined by them during the trial and whose authenticity has not been questioned."

No error appearing, the judgment is affirmed.